UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 13-5484 |
| LOUISIANA DEPT. OF CORRECTIONS, ROBERT C. TANNER, ET AL. | SECTION "B"(1) |

## ORDER AND REASONS

Plaintiff, Andrew David Wetzel, is a prisoner currently incarcerated in the David Wade Correctional Center. He is a frequent filer of frivolous lawsuits in the federal courts.

Wetzel filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Department of Corrections, and Rayburn Correctional Center officials: Warden Tanner, Dr. Matthew Gamble, Captain Mizell, Major Harrell, Elizabeth Oliver, and "unknown medical doctors." Wetzel alleges that he was denied proper medical treatment following alleged sexual assaults that occurred while he was incarcerated in Rayburn Correctional Center. He requests monetary compensation. (Rec. Doc. No. 1, Complaint).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that plaintiff has filed over 30 civil lawsuits in this district alone. At least four of his prior civil complaints, filed while he was incarcerated, were dismissed as frivolous and/or for failure to state a claim. These include, but are not limited to, the following: Andrew David Wetzel v. Slidell Police Department, et al., Civil Action No. 09-0014 "J"(3); Andrew David Wetzel v. St. Tammany Parish Jail, et al., Civil Action No. 09-0025 "A"(5); Andrew D. Wetzel v. Hammond Police Department, et al., Civil Action No. 09-0128 "D"(4); Andrew David Wetzel v. Rodney J. Strain, Jr., et al., Civil Action No. 09-7048 "A"(1). Wetzel has previously been barred on numerous occasions from proceeding with his civil complaints as a pauper in this court pursuant to 28 U.S.C. §1915(g). See Andrew D. Wetzel v. Thomas McNulty, et al., Civil Action

No. 10-4014 "J"(4); <u>Andrew D. Wetzel v. Kevin Swann, et al.</u>, Civil Action No. 10-4012 "C"(1); <u>Andrew D. Wetzel v. Robert F. Chadwick, III, et al.</u>, Civil Action No. 10-4013 "I"(5); <u>Andrew David Wetzel v. Jack Strain, Jr., et al.</u>, Civil Action No. 10-3587 "B"(3).

Wetzel attempts to avoid the bar in this case by asserting that he is in imminent danger of serious physical injury because he was denied proper medical and psychiatric treatment for the incidents of sexual assault. The alleged assaults occurred in April and May 2012 while he was incarcerated in Rayburn Correctional Center. To establish imminent danger of serious physical injury, however, the danger must be ongoing and exist at the time of filing the complaint; allegations of past harms or dangers do not suffice. <u>Cloud v. Stotts</u>, 455 Fed. Appx. 534 (5th Cir. 2011); <u>Banos v. O'Guinn</u>, 144 F.3d 883, 884 (5th Cir. 1998); <u>Comeaux v. Broom</u>, 2012 WL 4739576 (N. D. Tex. 2012). Based on his allegations, one year after these incidents, that he was denied adequate medical and psychiatric care, the court finds that Wetzel has not shown that he is under imminent danger of serious physical injury.

Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act. For the foregoing reasons,

3

**IT IS ORDERED** that Andrew David Wetzel's motion to proceed in forma pauperis is **DENIED**.  28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 21st day of August, 2013.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**